IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE: BRIAN L. DES ROCHERS | § | |
| | § | |
| V. | § | A-16-CV-556-LY |
| | § | |
| WILLIAM BLUCHER, et al. | § | |

**ORDER ON IN FORMA PAUPERIS STATUS AND REPORT AND
RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:   THE HONORABLE  LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Brian L. Des Rochers's ("Des Rochers") Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support, along with her Complaint. Dkt. No. 2 at 1 and Dkt. No. 1 at 1.  The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing Plaintiff Brain L. Des Rochers's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Des Rochers *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Des Rochers is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its

discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Des Rochers's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e) FRIVOLOUSNESS REVIEW

Because Des Rochers has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally

cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Moreover, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Des Rochers's claims, filed May 9, 2016, arise out of a residential mortgage refinancing loan of $46,000.00 that was advanced on October 13, 2011, by El Dorado Savings Bank ("the Bank"). Dkt. No. 5 at 1.  Des Rochers sues William Blucher, CFO of the Bank, George L. Cook, Jr., CEO of the Bank, and Thomas P. Griffin, counsel to the Bank, ("Defendants"). *Id*.  Des Rochers alleges violations of the Truth in Lending Act (TILA) for failure to rescind the loan under 12 C.F.R. § 226.23. *Id*.  He also alleges violations of the Fair Debt Collection Practices Act ("FDCPA") §§ 1692-1692p. *Id*.  His initial complaint alleged fraud, constructive fraud, fraud by conversion, fraudulent inducement, and mail fraud, but his supplement withdrew those claims as inappropriate since they are criminal statutes which do not provide a civil cause of action.  Dkt. No. 4 at 4.  Des Rochers seeks $4,340,000 in damages as well as declaratory and injunctive relief.  Dkt. No. 1 at 1.

Des Rochers's claim for failure to rescind the mortgage pursuant to 12 C.F.R. § 226.23 has no legal merit. TILA establishes a right to rescind certain credit transactions involving a lien on the borrower's principal dwelling.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a).  Des Rochers states that

3

on February 3, 2016, he sent a "Notice of Void Mortgage Contract" to Defendants. Dkt. No. 1 at 1. TILA, however, does not grant a right of rescission to residential mortgage transactions. *See* 15 U.S.C. § 1635(e)(1); *Gipson v. Deutsche Bank Nat'l Trust Co.*, No. 3:13–CV–4820–L, 2015 WL 2069583, at *10 (N.D. Tex. May 4, 2015). Because Des Rochers's claim for "failure to rescind" pertains to a residential mortgage, his right of rescission claim under TILA necessarily fails.

Des Rochers's claim under the FDCPA is also without legal merit because Defendants are not "debt collectors." The FDCPA "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). To prevail on an FDCPA claim, a plaintiff must prove that (1) he has been the object of collection activity arising from consumer debt; (2) the defendant is a "debt collector" as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *E.g., Turner v. Nationstar Mortg. LLC*, 2015 WL 9918693, at *4 (N.D. Tex. Nov. 13, 2015). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Defendants are not in the principal business of collecting debts and the mortgage in question originated with the Bank and is not debt "due another."

Des Rochers's FDCPA claim also fails because his allegations of "false representations" are not sufficiently pled. Des Rochers alleges that the "false representations" made by the Defendants included, *inter alia*, that "[t]he funds lent by the BANK [*sic*] were 'fiat' money with no intrinsic value" and that the "BANK [*sic*] took the promissory note with our signature to the U.S. Treasury to create the money, then put the money in escrow, fractionalized it by at least 10 and then 'loaned'

us one of those ten as a 'mortgage.'" Dkt. No. 1 at 1. Pro se pleadings are construed liberally, but pro se plaintiffs must still provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Pleadings must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 ( 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Even under the rule of liberal construction, the facts which Des Rochers puts forth in support of his FCDPA claim do not allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged.

Finally, this is not the first lawsuit of this kind that Des Rochers has filed. On May 12, 2016, Des Rochers filed suit against Brian T. Moynihan, CEO, Bank of America Corporation, and Paul M. Donofrio, CFO, Bank of America Corporation, seeking $4,340,000 as well as declaratory and injunctive relief. *Des Rochers v. Moynihan, et al.*, No. A-16-CV-567-SS (W.D. Tex. filed May 12, 2016). He alleged the same violations as in the case currently before the court (violations of C.F.R. § 226.23, violations of the FDCPA §§ 1692-1692p, fraud, constructive fraud, fraud by conversion, fraudulent inducement, and mail fraud) with the addition of a claim under 17 U.S.C. § 501 for infringement of copyright. On May 19, 2016, the case was dismissed with prejudice by Judge Sparks for lack of legal merit. *See* Order Dismissing Case with Prejudice of May 19, 2016, Dkt. No. 6 at 1. A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

## III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Des Rochers *in forma pauperis* status. The undersigned **RECOMMENDS** that the District Court **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to remove this case from the docket of the undersigned and return it to the district judge.

## IV. WARNINGS

The parties may file objections to this Order and Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the order and proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of August, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE